UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **Christopher Stumpf,** | |
| Plaintiff, | Case No. |
| v. | |
| **L3 Funding, LLC,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Christopher Stumpf** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **L3 Funding, LLC** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant conducts business in the State of Florida.

4. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

5. Plaintiff is a natural person residing in Las Vegas, Nevada 89149.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 22095 US Highway 19, Clearwater, Florida 33765.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Beginning in or around December 2019, Defendant repeatedly called Plaintiff on his cellular telephone number on a repetitive and continuous basis for solicitation purposes.

12. Defendant was calling to offer a business loan to Plaintiff.

13. Plaintiff did not seek information on a business loan.

14. Plaintiff told them he was not interested and to stop calling in January 2020.

15. However, Defendant continued calling him regarding a business loan.

16. Defendant placed these calls to Plaintiff using an automatic telephone dialing system.

17. Plaintiff knew Defendant's calls were placed from an automatic telephone dialing system because the calls began with a noticeable pause or delay before being connected to a live agent.

18. Defendant's calls were not made for "emergency purposes."

19. Plaintiff has been on the Do Not Call Registry since August of 2011.

20. Defendant knew its calls were unwanted, therefore, all calls could have only been made solely for purposes of harassment.

21. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

22. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26. Defendant's calls were not made for "emergency purposes."

27. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

28. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August 18, 2011.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August 2011.

35. Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Christopher Stumpf,** respectfully prays for judgment as follows:

   a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

   b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

   g. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Christopher Stumpf,** demands a jury trial in this case.

Respectfully submitted,

Dated: 11/23/20　　　　　　　　　　　By: *s/ Amy L. Bennecoff Ginsburg*
　　　　　　　　　　　　　　　　　　　Amy L. Bennecoff Ginsburg, Esq.
　　　　　　　　　　　　　　　　　　　Kimmel & Silverman, P.C.
　　　　　　　　　　　　　　　　　　　30 East Butler Pike
　　　　　　　　　　　　　　　　　　　Ambler, PA 19002
　　　　　　　　　	　　　　　　　　　Phone: 215-540-8888
　　　　　　　　　　　　　　　　　　　Facsimile: 877-788-2864
　　　　　　　　　　　　　　　　　　　Email: teamkimmel@creditlaw.com